IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| Terry Baker, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-1212-egb |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE DECISION OF THE COMMISSIONER

Plaintiff Terry Baker filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability insurance benefits under Title II of the Social Security Act ("Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), and on June 3, 2013, following a hearing, the ALJ found that Plaintiff was not under a "disability" as defined in the Act (Tr. 10-22). The Appeals Council denied Plaintiff's request for review on August 12, 2014, and, thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision, *Id.*

and whether the correct legal standards were applied. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff was born in 1969, and alleged that he became disabled beginning August 1, 2008. (Tr. 12, 22). Plaintiff has at least a high school education and past relevant work as a construction laborer and as a deck hand (Tr. 20). In his March 13, 2012 Disability Report, he alleged disability due knee and back pain, pinched nerve, bulging disc, depression, anxiety, and degenerative disc disease (Tr. 14).

The ALJ's decision contains, in part, the following pertinent findings and conclusions: 1. Claimant meets the insured status requirements of the Social Secmity Act through

December 31, 2013. 2. The claimant has not engaged in substantial gainful activity since August 1, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*). 3. The claimant has the following severe impairments: degenerative disc disease and status post knee surgery (20 CFR 404.1520(c)). The claimant's impairments are severe, in combination if not singly, (20 CFR 404.1520(c), in that the claimant is significantly affected in the ability to perform basic work activities (20 CFR 404.152 l(b)). The claimant's medically determinable mental impairment of depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere…4. The claimant does not have an impairment or combination of impairments that meets or medically equals the seve1ity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1(20 CFR 404.1520(d), 404.1525 and 404.1526)... 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasionally climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling; no climbing of ropes, ladders or scaffolds; should avoid work hazards such as unprotected heights or dangerous machinery… 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565)… 7. The claimant was born on October 7, 1969 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563). 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564). 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41and 20 CFR Part 404, Subpart P, Appendix 2). 10. Considering the claimant's age, education, work experience, and residual functional

capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a))… 11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2008, through the date of this decision (20 CFR 404.1520(g)). [Tr. 12-21].

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. *Id.*

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that she has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed. *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fifth step with a finding that Plaintiff can perform a number of jobs in the national economy and is not disabled.

Plaintiff argues that the Commissioner's decision was not supported by substantial evidence and made pursuant to proper legal standards. Plaintiff's primary argument is that the ALJ should have found Plaintiff disabled based on the opinion of one of his treating doctors, Christopher Marshall, M.D. (Tr. 252-55). *See* Pl.'s Br. at pp. 10-18, 20-21. Plaintiff claims that "[t]reating physicians are qualified to express opinions because they are treating physicians," whereas opinions of reviewing or examining doctors are "only entitled to weight if they are . . . not inconsistent with the treating physician's opinions." *Id.* at pp. 15, 17.

In assessing medical source opinions evidence, the ALJ's analysis is guided by 20 C.F.R. §§ 404.1527(c); 416.927(c), which contains six factors. The ALJ first must assess the medical source's treatment experience with the claimant. The more familiar the source is with the claimant, the more weight that will be given to the source's opinion. The ALJ will also consider whether medical source's opinion is consistent with other evidence and opinions, the extent to which the source has offered objective support for his findings, the source's specialty, and "other factors," like the extent to which the source is familiar with other information in the claimant's case. *See* 20 C.F.R § 404.1527(c)(2) (2014). The Commissioner's policy required the ALJ to

assign a treating doctor's opinion "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] record." *See* 20 C.F.R. §§ 404.1527, 416.927 (2014); Social Security Ruling 96-2p, 1996 WL 374188 (S.S.A.). If an opinion does not meet these criteria and cannot be given controlling weight, the opinion may still be given some weight, and the ALJ is required to provide "good reasons" for the weight he ultimately assigns, again using the six-part analysis at §§ 404.1527 and 416.927. *Id*. The ALJ's rationale must be supported by the evidence in the record and "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *See* Social Security Ruling 96-2p, 1996 WL 374188 (S.S.A.). *See also Gayheart v. Commissioner of Social Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (this procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule").

Here, the ALJ discussed relevant factors in evaluating the medical opinion evidence (Tr. 17-20). The ALJ concluded the factors listed at § 404.1527(c) weighed against assigning significant weight to Dr. Marshall's opinion (Tr. 17, 20). The ALJ noted Dr. Marshall's referral of Plaintiff to a neurosurgeon and that the allegedly disabling impairments are outside his area of expertise. Dr. Marshall did not order any imaging studies over the course of treatment, instead presumably relying on Dr. Averett's CT scan as the only objective basis in the clinic's treatment notes for the reference in Dr. Marshall's statement to degenerative arthritis of the lower back involving "bulging disks and neural foraminal stenosis most pronounced at the L4-5 and L5-S1 levels" (Tr. 253). The ALJ also discussed that Dr. Marshall's examination findings do not support the degree of limitation he assessed, and that in contrast to his opinion statement, Dr.

6

Marshall frequently observed during the course of treatment that Plaintiff walked with a normal gait, his back and knee were stable, he exhibited full strength and intact sensation, and he had no bony or muscular deformity (Tr. 197, 200-01, 204-05, 208, 211-12, 214, 261, 264, 267, 274, 277, 280, 287). Additionally, Dr. Marshall frequently remarked that Plaintiff's pain was controlled through a treatment regimen of pain medication and periodic injections (Tr. 214, 260, 266, 268, 271, 273, 276, 280). Dr. Marshall's opinion statement relied upon Plaintiff's subjective reports on the day the doctor filled out the form, but lacked objective support in treatment notes or elsewhere in the records. (Tr. 260-62). As the Commissioner notes, "[d]espite Dr. Marshall's assessment of additional, severe restrictions in lifting, carrying, pushing, pulling, balancing, crawling, and stooping, progress notes from more than 20 visits over a nearly two-year period contain no indication that Plaintiff ever complained of, or the doctor ever specifically examined, limitations in any of those functional areas" (Response at 7, Tr. 197-214, 256-87). The ALJ demonstrated that Dr. Marshall's opinion was not well-supported nor consistent with the record as a whole, and substantial evidence supports the ALJ's assignment of little weight to his opinion.

Plaintiff also contends that the ALJ improperly weighed the three other physical medical opinions of record, submitted by consultative examiner Steve Weaver, M.D., and non-examining state agency doctors Frank Pennington, M.D., and Larry McNeil, M.D. (Tr. 17-19, 176-83, 187-95, 229). *Id.* at pp. 11-18, 20-21. First, the ALJ properly assigned some weight to the opinion of Dr. Weaver (Tr. 17-18, 176-83). The record shows that Dr. Weaver examined Plaintiff specifically for each functional ability, ordered x-rays and ultimately found that the objectively determinable impairments were not as limiting as alleged (Tr. 178-82). Because he supported his findings, his opinion was properly assigned some weight under the factors enumerated in the

regulations. *See* 20 C.F.R. § 404.1527; SSR 96-6p; *Hoskins*, 106 F. App'x at 415. The Court further agrees with the Commissioner that Plaintiff's complaints regarding the weights assigned by the ALJ overlook the significantly greater degree of medical support for the specific findings of these physicians. There is no merit to Plaintiff's argument that the ALJ ignored 20 C.F.R. § 404.1527, as he explicitly addressed the factors considered under 20 C.F.R. § 404.1527 and discussed them (Tr. 17-19). As to Plaintiff's claim that Dr. Marshall's opinion, as the most recent, deserved greater weight, Plaintiff failed to demonstrate how any passage of time would have made a difference in the opinions of the other doctors, and in fact, as the Commissioner points out, treatment notes from that period of time show that Plaintiff continued to complain of pain related to his back and knee, which Dr. Marshall continued to treat successfully with a regimen of pain medications and injections (Tr. 197-98, 256-81, 286-87). The Court finds that substantial evidence supports the ALJ's assessment of medical opinion evidence.

With regard to the ALJ's credibility determination, courts typically defer to the ALJ's credibility decision because the ALJ enjoys the closest vantage point from which to assess testimony and other evidence. The ALJ's credibility assessment is "virtually unchallengeable" as long as the ALJ cites substantial evidence to support his conclusions. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (quoting *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 112-13 (6th Cir. 2010)) (internal quotation omitted). The ALJ noted that, despite his allegations of debilitating pain and functional restrictions, Plaintiff stated in his function report and hearing testimony that he was not restricted in his personal care, could prepare his own meals on a daily basis, perform some household chores, and attend his son's baseball games (Tr. 14, 34-35, 148-49). *See Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) (stating that the ALJ may consider daily activities as one factor in the evaluation of subjective

complaints); 20 C.F.R. § 404.1529(c)(3)(i); SSR 96-7p. The ALJ also noted the absence of any documented medical treatment between Plaintiff's alleged disability onset date of August 1, 2008, and February 2011 (Tr. 15). Lack of treatment for such a long period suggests Plaintiff was less restricted, and in less subjective pain, than he alleges (Tr. 15). *See Strong v. Soc. Sec. Admin.*, 88 Fed. App'x 841, 845 (6th Cir. 2004) ("Claimant simply failed to present any contemporaneous medical evidence of disability from the relevant time period."). The ALJ's determination was supported by substantial evidence.

Finally, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. 404.1567(b), with occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing of ropes, ladders or scaffolds; and avoidance of work hazards such as unprotected heights or dangerous machinery (Tr. 14). Having properly formulated Plaintiff's RFC, the ALJ then relied on the testimony of a vocational expert to determine that Plaintiff could perform jobs existing in significant numbers in the national economy, including cashier, gate guard, and hand sander (Tr. 21, 39-40). *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512-13 (6th Cir. 2010). Plaintiff does not contest the vocational expert's testimony, and the Court finds that substantial evidence supports the ALJ's RFC formulation.

## Conclusion

Plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations. Substantial evidence on the record as a whole supports the Commissioner's decision. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED this the 1st day of August, 2017.

<u>s/ Edward G. Bryant</u><br>
UNITED STATES MAGISTRATE JUDGE